## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

CHRIS NIJSSE,                              )
                                           )
                        Plaintiff,         )
            v.                             )          No. 17-6067-CV-SJ-BP
                                           )
CITIGROUP TECHNOLOGY, INC., *et al*.,      )
                                           )
                        Defendants.        )

## ORDER (1) DETERMINING THAT THE COURT LACKS JURISDICTION AND (2) REMANDING CASE TO THE CIRCUIT COURT FOR PLATTE COUNTY

Plaintiff filed this suit in state court, asserting a single claim against all Defendants under the Missouri Human Rights Act, ("the MHRA"). Defendants removed this case to federal court, alleging that federal jurisdiction exists pursuant to 28 U.S.C. § 1332(a), which permits federal jurisdiction when there is diversity of citizenship and more than $75,000 in controversy. Defendants' Notice of Removal alleges that Plaintiff is a citizen of Missouri and that all of the Defendants except for Kenneth VanEngen are citizens of states other than Missouri. (Doc. 1, ¶¶ 10-13.) VanEngen is a citizen of Missouri, but Defendants contended that his citizenship could be ignored for purposes of evaluating the Court's jurisdiction because VanEngen was fraudulently joined. On June 26, Plaintiff filed an Amended Complaint that asserted a new claim against most of the Defendants, including VanEngen.

On July 6, 2017, the Court issued an Order directing the parties to address this Court's jurisdiction. (Doc. 20.) The Court has reviewed the parties' submissions and for the reasons discussed below concludes that it lacks jurisdiction. Accordingly, the case is **REMANDED** to the Circuit Court for Platte County, Missouri.

# I. BACKGROUND

In his original Petition filed in state court, Plaintiff filed suit against (1) Citigroup Technology, Inc. ("Citigroup"), (2) Cushman & Wakefield of Illinois, Inc. ("C&W"), (3) Jones Lang LaSalle Americas, Inc. ("Jones Lang"), and (4) Kenneth VanEngen. He alleged that he was a facilities manager, that he "worked for several different management agents who were hired by Citigroup to operate the buildings" he managed, and that VanEngen was his manager. (Doc. 1-1, p. 6, ¶¶ 10-11.)[1] Jones Lang "was the property agent who operated the properties managed by" Plaintiff. (Doc. 1-1, p. 7, ¶ 18.) The Petition does not clearly identify Plaintiff's employer, but it suggests that he worked for Jones Lang (Doc.1-1, ¶¶ 17-18; *but see* Doc. 1-2 (charges of discrimination filed against Citigroup).)

In 2014, Plaintiff was contacted by C&W, who was going to be the new property agent for the properties Plaintiff managed (apparently taking over for Jones Lang). C&W contacted Plaintiff about continuing in his role as an employee of C&W. (Doc. 1-1, p. 7, ¶¶ 21-23.) Soon thereafter, however, C&W withdrew the offer. (Doc. 1-1, p. 8, ¶ 25.) Plaintiff alleges that C&W withdrew the employment offer because it received negative information conveyed about him from Jones Lang, Citigroup, and VanEngen. (Doc. 1-1, p. 8, ¶¶ 26-28.) In the Petition's single count, Plaintiff alleges that his age motivated Jones Lang, Citigroup, and VanEngen to communicate negative information about him, thereby preventing him from being hired by C&W.

As stated earlier, Defendants removed the case to federal court. Although Plaintiff and VanEngen are citizens of Missouri, the Notice of Removal contended that VanEngen's citizenship should be disregarded because he was fraudulently joined. Defendants argued that VanEngen was fraudulently joined because he was not named in the administrative charged filed

---

[1] All page numbers are those generated by the Court's CM/ECF system.

with the Missouri Human Rights Commission.  Before the Court could assess its jurisdiction (by determining whether VanEngen had been fraudulently joined), Plaintiff filed an Amended Complaint.  The Amended Complaint names Citigroup, Jones Lang and VanEngen as defendants; C&W is not named.  The Amended Complaint generally alleges the same facts as the original Petition, but it does not assert an MHRA claim.  Instead, the Amended Complaint alleges that Citigroup, Jones Lang, and VanEngen tortiously interfered with Plaintiff's legitimate expectancy of entering an employment contract with C&W.  The Court then issued an Order directing the parties to address the Court's jurisdiction.  (Doc. 20.)

## II.  DISCUSSION

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006), and Defendants bear the burden of demonstrating that federal jurisdiction exists because they removed the case to federal court.  *E.g., In re Business Men's Assurance Co.,* 992 F.2d 181, 183 (8th Cir. 1995).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

When jurisdiction is based on 28 U.S.C. § 1332(a), diversity of citizenship must be present both when the case is filed and when it is removed.  *E.g., Knudson v. Systems Painters, Inc.,* 634 F.3d 968, 975 (8th Cir. 2011).  In addition, if the plaintiff amends the pleadings to add a diversity-destroying defendant, the case must be remanded.  28 U.S.C. § 1446(e).  Therefore, to have jurisdiction in this case, there must have been diversity of citizenship (1) when the case was filed, (2) when the case was removed, and (3) after Plaintiff filed his Amended Complaint.

3

There was not diversity of citizenship at any of these times. Defendants correctly contend that the citizenship of fraudulently joined defendants can be disregarded. *E.g., Murphy v. Aurora Loan Servs., LLC,* 699 F.3d 1027, 1031 (8th Cir. 2012). The Eighth Circuit has articulated the fraudulent joinder standard as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder.

*Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted) (emphasis in original); *see also Knudson,* 634 F.3d at 980. In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no responsibility to *definitively* settle the ambiguous question of state law." *Id*. at 811 (emphasis in original). As discussed below, the Court concludes that VanEngen was not fraudulently joined when the case was removed[2] or when Plaintiff filed the Amended Complaint.

## A. Fraudulent Joinder at the Time of Removal[3]

Defendants contend that there was no reasonable basis for Plaintiff's original MHRA claim against VanEngen because Plaintiff failed to name him in a charge of discrimination filed with the Missouri Human Rights Commission. Defendants concede that "the Missouri Supreme Court [has] recognized a limited exception to the exhaustion requirement," but argue that the

---

[2] There were no substantive changes between the time Plaintiff initiated the suit and the time Defendants removed the case to federal court. For ease of discussion, the Court will focus on the time of removal.

[3] The parties' responses to the Order to Show Cause do not address this issue. The Court addresses the issue on its own because of its independent obligation to evaluate its jurisdiction.

4

exception will not apply in this case. (Doc. 1, pp. 6-7 (citing *Hill v. Ford Motor Co.,* 277 S.W.3d 659, 669-70 (Mo. 2009) (en banc).) However, the fact that Missouri law contains exceptions to the exhaustion requirement is enough to resolve the fraudulent joinder issue. The jurisdictional inquiry only requires the Court to determine if there is a possibility that Plaintiff's claim against VanEngen could proceed under Missouri law; the jurisdictional inquiry does not permit the Court to weigh or apply the *Hill* factors to determine whether Plaintiff's claim would have actually been successful. It is enough to observe that Missouri law might have permitted Plaintiff's claim, so VanEngen was not fraudulently joined and there was not diversity of citizenship when this case was removed from state court.

Defendants also contend that VanEngen was fraudulently joined because VanEngen was Plaintiff's co-worker, not his supervisor. (Doc. 1, pp. 10-15.) Even if Defendants' interpretation of the law is correct and MHRA claims are not allowed against co-workers, Plaintiff alleged that VanEngen was his manager. (Doc. 1-1, p. 6, ¶ 11.) The Court must accept Plaintiff's allegations as true; it cannot evaluate the affidavits submitted to determine whether or not VanEngen was actually Plaintiff's manager or his co-worker.

For these reasons, VanEngen was not fraudulently joined when the case was removed. Therefore, diversity of citizenship was lacking and the Court does not have jurisdiction.

## B. Fraudulent Joinder after the Amended Complaint was Filed

Even if VanEngen was fraudulently joined originally, he would have been effectively "re-added" when Plaintiff filed his Amended Complaint. The question thus becomes: was VanEngen fraudulently joined in the Amended Complaint? The Court concludes that he was not fraudulently joined.

5

Defendants contend that a claim against VanEngen for tortious interference is not permitted under Missouri law. The Amended Complaint alleges that "VanEngen, acting as Citigroup's agent and employee, represented to [C&W] that [Plaintiff] was a poor performer and had attendance problems." (Doc. 17, ¶ 24.) Defendants rely on this allegation to contend that VanEngen cannot be sued for tortious interference because he was acting as an agent, but the cases they cite do not clearly apply in this situation.

"To prove a claim for tortious interference with a contract or business expectancy, the plaintiff must demonstrate: (1) a contract or a valid business expectancy; (2) the defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages resulting from defendant's conduct." *Farrow v. Saint Francis Med. Ctr.,* 407 S.W.3d 579, 602 (Mo. 2013) (en banc). However, "an action for tortious interference with a business expectancy will lie only against a third party to the contract." *Nickel v. Stephens Coll.,* 480 S.W.3d 390, 399 (Mo. Ct. App. 2015). Thus, one cannot sue the other party to the contract or expectancy for tortious interference; the tort claim is only viable against non-parties. Missouri courts have held that, for purpose of this tort, agents of a party to the contract are not distinguishable from the principal, and thus cannot be sued for tortious interference with the principal's contracts. "Where the individual being sued is an officer or agent of the defendant corporation, the officer or agent acting for the corporation is the corporation for purposes of tortious interference." *Nickel v. Stephens Coll.,* 480 S.W.3d 390, 399 (Mo. Ct. App. 2015); *see also Zipper v. Health Midwest,* 978 S.W.2d 398, 419 (Mo. Ct. App. 1998).

In this case, Plaintiff alleges that he legitimately expected to have a business relationship with C&W, and that Defendants – who were not parties to that relationship – tortiously

interfered. The cases Defendants cite establish that C&W's agents are not third parties to the expectancy and he cannot sue them for interfering with his expectancy. However, Plaintiff does not allege that VanEngen was C&W's agent, and Defendants cite no cases holding that the agent of a third-party to the contract cannot be sued in his individual capacity. To the contrary, the cases they cite followed the pattern from *Zipper* and *Nickel* in that they were suits against the contracting party's agents. *Calrton Plaza Condominium Ass'n v. Philadelphia Indemnity Ins. Co.,* 2016 WL 325005 (W.D. Mo. 2016); *Major Cadillac, Inc. v. General Motors Corp.,* 2008 WL 482398 (W.D. Mo. 2008). Therefore, state law does not clearly preclude Plaintiff's claim, and VanEngen's status as an agent for a principal does not demonstrate that he was fraudulently joined.

Defendants also contend that the Amended Complaint is insufficient for failing to allege that VanEngen acted out of personal self-interest. (Doc. 27, p. 6.) Assuming this is a pleading requirement (as opposed to a matter of proof), fraudulent joinder is not established. The question is whether Plaintiff's theory of liability is legally viable; issues related to the sufficiency of the pleading do not demonstrate joinder is fraudulent and are best left for the state court to resolve in order to avoid conflating the fraudulent joinder analysis with the less-stringent analysis utilized under Rule 12(b)(6). *E.g., Knudson,* 634 F.3d at 980; *Wilkinson v. Shackelford,* 478 F.3d 957, 964 (8th Cir. 2007). The Court cannot conclude that Plaintiff is unable to allege VanEngen is liable, so VanEngen is not fraudulently joined.

### III. CONCLUSION

Diversity of citizenship was lacking when the case was removed and when the Amended Complaint was filed. The diversity-destroying defendant was not fraudulently joined on either

7

occasion.  Therefore, the Court lacks jurisdiction and the case must be **REMANDED**.

**IT IS SO ORDERED.**


                                                    /s/ Beth Phillips
                                                    BETH PHILLIPS, JUDGE
Date:  August 14, 2017                              UNITED STATES DISTRICT COURT